UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE JONES,

    Plaintiff,

v.                                     Case No.:

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Annette Jones, by and through the undersigned counsel, and files as his complaint the Defendant, Receivables Performance Management, LLC states the following:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, inter alia, engaging in abusive, deceptive and unfair debt collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Plaintiff, Annette Jones (hereafter "Plaintiff") is an individual who resides in the City of St. Petersburg, County of Pinellas, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and F.S.A. §559.55(2) and/or is a persona with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, Receivables Performance Management, LLC (hereafter "Defendant") is a Washington Corporation, with its principle place of business located at 999 3rd Avenue Ste 2525, Seattle, Washington, 98104-4032.

## FACTUAL ALLEGATIONS

6. Plaintiff owes Sprint an account balance and Defendant claims to be the holder of this debt.

7. After Plaintiff defaulted on account allegedly owed to Defendant, Defendant began making debt collection telephone calls to Plaintiff.

8. Defendant called Plaintiff with debt collection attempts on auto-call on February 5, 2014, February 6, 2014, February 7, 2014, February 8, 2014, and February 9, 2014.

9. Defendant never mailed anything to the Defendant in writing about the debt that they were attempting to collect.

## FIRST CLAIM FOR RELIEF
15 USC 1692g(a)

10. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 9.

11. The Defendant is subject to and has violated U.S.C. §1692g(a) by contacting the Plaintiff, through its debt collection agents telephonically and not sending the consumer a written notice containing the amount of the debt, the name of the creditor, a statement

allowing the debtor to dispute the debt, and opportunity to be provided the name and address of the original creditor within 5 days after the initial communication.

12. As a result of the above violations of 15 USC 1692g(a) Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated 15 USC 1692g(a) and recovery from the Defendant for actual damages, statutory damages, and reasonable attorney's fees and costs.

**WHEREFORE**, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:
a. Declaratory Judgment that Defendant's conduct violated 1692g(a);
b. Actual Damages pursuant to 15 USC 1692k;
c. Statutory Damages pursuant to 15 USC 1692k;
d. Costs and reasonable attorney's fees pursuant to 15 USC 1692k;
e. For such other and further relief as my be just and proper

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via server to Andrew Shafer, 999 3rd Ave Ste 2525, Seattle, Washington, 98104-4032, this 4 day of March, 2014.

Kathryn J. Roegiers, Esquire
Florida Bar No. 72691
Berkowitz Law Group
6560 First Avenue North
St. Petersburg, Florida 33710
Phone: 727-344-0123
Facsimile: 727-344-0125
Attorney for Plaintiff